United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 28, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-31166
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GARY DAVID LINDSEY,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 00-CR-50085-4
--------------------

Before BARKSDALE, EMILIO M. GARZA, DENNIS, Circuit Judges.

PER CURIAM:[*]

Gary David Lindsey appeals his conditional guilty-plea conviction for conspiracy to possess with intent to distribute 50 grams or more of d-methamphetamine. He argues that the district court erred in denying his motion to suppress his confession.

At the hearing on the motion to suppress, the district court, after hearing testimony, accepted the law enforcement agent's version of events over that of Lindsey and his wife, finding that no coercion took place and that Lindsey's confession was voluntary.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We will not disturb the district court's findings absent clear error.  See <u>United States v. Restrepo</u>, 994 F.2d 173, 183 (5th Cir. 1993).  If a finding is based on oral testimony at a suppression hearing, the "clearly erroneous standard is particularly strong since the judge had the opportunity to observe the demeanor of the witnesses."  See <u>United States v. Shabazz</u>, 993 F.2d 431, 438 (5th Cir. 1993).  Accordingly, the district court did not clearly err in determining that the confession was voluntarily given.  See <u>id</u>.

AFFIRMED.